Filed 3/1/24  In re Sebastian H. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re SEBASTIAN H. et al., Persons Coming Under the Juvenile Court Law. | B325717 (Los Angeles County Super. Ct. No. 22CCJP03677) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>IRENE M. et al.,<br><br>        Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Charles Q. Clay III, Judge.  Appeals dismissed.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant Irene M.

Suzanne M. Nicholson, under appointment by the Court of Appeal, for Defendant and Appellant Daniel H.

Dawyn Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

In this dependency case (Welf. & Inst. Code, § 300 et seq.),[1] Irene M. (Mother) and Daniel H. (Father) appeal from the juvenile court's disposition order, challenging the sufficiency of the evidence supporting one of several jurisdictional findings against them. While their appeals were pending, the juvenile court terminated dependency jurisdiction and granted sole physical custody of their two children to Mother, with shared legal custody for both parents. The Los Angeles County Department of Children and Family Services (DCFS) moved to dismiss the appeals as moot. For the reasons explained below, we agree the appeals are moot, and we decline to exercise our discretion to consider the appeals on the merits.

## BACKGROUND

### I.    Jurisdiction and Disposition

In March 2022, DCFS received a referral alleging domestic violence between Mother and Father. DCFS found the allegations against Mother and Father to be substantiated on the bases of emotional abuse and general neglect of their two children, Sebastian (then six years old) and Santiago (then three

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

years old). DCFS filed a "non-detain" dependency petition, meaning the children remained in Mother and Father's physical custody.

On November 29, 2022, the juvenile court assumed dependency jurisdiction over Sebastian and Santiago. The court sustained the following allegations under section 300, subdivisions (a) and (b):

"[Mother] and [Father] have a history of engaging in violent altercations in the children's presence. On or about 03-20-22, the mother repeatedly struck the father's chest. Further, the mother prevented the father from entering the home by holding the door resulting in the father forcibly pushing the door open and forc[ibly] entering the home. The father struck the back of the mother's head with the father's hand. On or about 03-20-22, the father was arrested for Spousal Battery. On prior occasions, the father engaged in violent altercations against the mother resulting in law enforcement intervention. Remedial services have failed to remedy the family problem in that the mother and father continue to engage in altercations. Such violent conduct on the part of the father and the mother endanger the children's physical health and safety and place the children at risk of serious physical harm, damage, and danger." (Count a-1.) The nearly identical count b-1 finding included the following additional language: "The mother failed to protect the children in that the mother allowed the father to reside in the children's home and to have unlimited access to the children." It also stated the children were at risk because of Mother's failure to protect them from the violent conduct.

The juvenile court also sustained the following amended allegations against Father and Mother:

3

"[Father] has a history of substance abuse and is a current abuser of alcohol which renders the children's father incapable of providing regular care for the children. On 3-20-22 and on other occasions, the father was under the influence of alcohol while the children were in the father's care and supervision. On 06-09-22, the father had a positive toxicology screen for alcohol. The children are of such young age requiring constant care and supervision and the father's substance abuse interferes with providing regular care and supervision of the children. [Mother] failed to protect the children when the mother knew of the father's substance abuse and allowed the father to reside in the children's home and have unlimited access to the children. Remedial services have failed to remedy the family problem in that the father continues to abuse alcohol. The father's substance abuse and the mother's failure to protect the children endangers the children's physical health and safety and creates a detrimental home environment, placing the children at risk of serious physical harm, damage and failure to protect." (Count b-2.)

At the disposition hearing held the same day, the juvenile court declared Sebastian and Santiago dependents of the court, and allowed them to remain in Mother and Father's custody. The court ordered Mother and Father to complete case plans. The court also set a section 364 review hearing for May 30, 2023.

## II.  The Appeals

Mother and Father each timely appealed from the juvenile court's November 29, 2022 disposition order. In their opening appellate briefs, they both challenged the sufficiency of the evidence supporting the jurisdictional finding under section 300, subdivision (a), regarding their history of domestic violence

4

(count a-1), but they did not challenge the nearly identical finding under subdivision (b) (count b-1), or the finding regarding Father's substance abuse and Mother's failure to protect the children from same (count b-2). Mother also contended in her opening brief that DCFS and the juvenile court failed to comply with the duties of inquiry under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.; (ICWA)) and California law implementing ICWA. In his opening brief, Father challenged certain components of his case plan.

## III. DCFS's Motion to Dismiss the Appeals

DCFS filed a motion to dismiss the appeals, arguing (1) Mother and Father challenge only one of three jurisdictional findings, so their challenge is not justiciable; (2) the juvenile court ordered a new case plan for Father while the appeals were pending, and Father did not appeal from that order, so his challenge to the superseded case plan is moot; and (3) the juvenile court terminated dependency jurisdiction over Sebastian and Santiago while the appeals were pending, so Mother's ICWA challenge is moot.

In support of the motion to dismiss the appeals, DCFS filed a request that we take judicial notice of (1) Father's subsequent case plan dated May 22, 2023, and the juvenile court minute order from the same date; (2) the juvenile court's November 27, 2023 minute order terminating dependency jurisdiction, awarding sole physical custody of the children to Mother and joint legal custody to both parents, granting Father monitored visitation, and staying the termination of jurisdiction pending receipt of the final custody order; (3) the juvenile court's December 4, 2023 minute order stating that the final custody order was signed, the stay was lifted, and jurisdiction was

5

terminated on that date; and (4) the December 4, 2023 final custody order (which is consistent with the juvenile court's November 27, 2023 minute order referenced above). We grant DCFS's unopposed request for judicial notice.

Neither Mother nor Father has challenged the termination of dependency jurisdiction or the final custody order.

Father filed an opposition to DCFS's motion to dismiss the appeals. Therein, he "concede[d] his challenge to the original case plan was rendered moot by a subsequent case plan from which he did not appeal." He requested that we exercise our discretion to review his challenge to the sufficiency of the evidence supporting jurisdiction under section 300, subdivision (a) because (1) the jurisdictional finding has "the potential to impact" future dependency or family law proceedings; (2) the finding is "likely to be reported to" the Child Abuse Central Index (CACI) under the Child Abuse and Neglect Reporting Act (Pen. Code, § 11164 et seq.; (CANRA)); and (3) "given the speed with which dependency matters proceed, the exercise of discretion may be desirable to avoid 'insulating erroneous or arbitrary rulings from review.' " Father did not suggest how the challenged finding could impact future dependency or family law proceedings (especially in light of the two other unchallenged findings).

Mother did not file an opposition to the motion to dismiss, but she addressed the mootness issue in her reply brief. She did not dispute DCFS's contention that the termination of dependency jurisdiction rendered her ICWA challenge moot. She argued that her challenge to the jurisdictional finding under section 300, subdivision (a) is not moot or, in the alternative, this court should exercise its discretion to reach the merits of her challenge because such a finding could result in her being listed

6

in CACI. She also noted that she is a social worker and asserted that the sustained count under section 300, subdivision (a) could have consequences such as "loss of employment and all future employment as a social worker." She did not explain how the subdivision (a) finding might affect her employment (in a way the subdivision (b) findings would not) other than the potential listing in CACI. Finally, she maintained that the "adverse finding may have far-reaching implications regarding future dependency proceedings and [her] parental rights," but she did not specify why or how this might be so.

## DISCUSSION

A case is moot when it is " ' "impossible for [a] court, if it should decide the case in favor of [the appellant], to grant him [or her] any effect[ive] relief." ' [Citation.] For relief to be 'effective,' . . . the [appellant] must complain of an ongoing harm [that is] . . . redressable or capable of being rectified by the outcome the [appellant] seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) To establish the appeal is not moot, the appellant must "demonstrate[] a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings." (*Id*. at p. 273.) Absent such a specific legal or practical consequence, we may still exercise our discretion to hear the merits of a moot appeal in a dependency case. (*Id*. at pp. 282-283, 286 [setting forth a non-exhaustive list of factors for assessing "whether a court should exercise discretionary review of a moot appeal," and noting that "no single factor is necessarily dispositive"].)

Neither Mother nor Father challenges the sufficiency of the evidence supporting the juvenile court's jurisdictional findings under section 300, subdivision (b), regarding their history of

7

domestic violence (count b-1) or Father's substance abuse and Mother's failure to protect the children from same (count b-2). They only challenge the domestic violence finding under section 300, subdivision (a), which is based on the same factual events set forth in unchallenged count b-1. Thus, they do not challenge the juvenile court's assumption of jurisdiction over the children.

Mother and Father ask us to hear the merits of their challenge to count a-1 based on a hypothetical inclusion in CACI. They posit that because count a-1 required a finding that "there is a substantial risk that the child will suffer[] serious physical harm inflicted *nonaccidentally* upon the child by the child's parent" (§ 300, subd. (a)), this means their names will be listed in CACI. (Italics added.) Based on the record before us and applicable law, any claim that DCFS might report Mother or Father to the Department of Justice (DOJ) for inclusion in CACI is based on unfounded speculation.

CANRA requires DCFS to "forward to [DOJ] a report in writing of every case it investigates of known or suspected child abuse or *severe* neglect that is determined [by the agency] to be substantiated." (Pen. Code, § 11169, subd. (a), italics added.) CANRA further requires that "[a]t the time an agency . . . forwards a report in writing to [DOJ]," the agency must "also notify in writing the known or suspected child abuser that he or she has been reported" to DOJ for inclusion in CACI. (Pen. Code, § 11169, subd. (c).) If DCFS makes such a report to DOJ, a juvenile court's jurisdictional finding based on the same conduct set forth in the report precludes the parent from challenging his or her inclusion in CACI at a hearing contemplated under Penal Code section 11169. (Pen. Code, § 11169, subds. (d)-(e).)

In March 2022, DCFS found to be substantiated allegations of emotional abuse and general neglect of the children based on the history of domestic violence between Mother and Father. There was no allegation that either child was ever physically injured during an incident of domestic violence between Mother and Father, and DCFS did not detain the children from Mother or Father based on these substantiated allegations. Nearly two years have passed, and neither Mother nor Father asserts DCFS has notified them that they have been reported to DOJ for inclusion in CACI. Nor has Mother or Father advanced any reason indicating that these substantiated allegations are reportable or eligible for inclusion in CACI, given they do not involve physical abuse or severe neglect of the children.

In *D.P.*, our Supreme Court concluded a speculative claim about possible inclusion in CACI does not constitute a specific legal or practical consequence sufficient to avoid mootness. The court explained: "In sum, Father has not shown that he was included in the CACI or that he will be reported in the future based on the allegations at issue here. And even if the Department attempted to report him, Father has not shown that the allegations against him are reportable. In light of these layers of uncertainty, we will find Father's CACI claim too speculative to demonstrate a specific legal consequence that a favorable judgment could redress." (*D.P.*, *supra*, 14 Cal.4th at pp. 281-282.) Here, Mother and Father's speculative claim about possible inclusion in CACI is similarly insufficient to avoid mootness or cause us to exercise our discretion to review the merits of these moot appeals.

Mother and Father have advanced no other specific legal or practical consequence arising from the challenged jurisdictional

finding. Nor have they advanced any other argument that persuades us to deny DCFS's motion to dismiss and exercise our discretion to consider the merits of these moot appeals. Mother's claim of potential employment consequences appears to hinge on a report to CACI, a report we have no reason to believe will be made, as already discussed. Mother suggests no other reason that count a-1 could affect her employment. Neither Mother nor Father explains how count a-1 might impact future dependency or family law proceedings or their parental rights in a manner that unchallenged counts b-1 and b-2 would not.

None of the other factors enumerated in *D.P.* weighs in favor of our consideration of the merits of these moot appeals. For example, count a-1 is not "based on particularly pernicious or stigmatizing conduct," especially given unchallenged count b-1 is based on the same factual events. (See *D.P.*, *supra*, 14 Cal.5th at pp. 285-286.)

Father's concern that dismissing the appeals might insulate an erroneous or arbitrary ruling from review is a concern that could be asserted in every moot appeal. It is because of this concern that we review the various factors in deciding whether we should exercise our discretion to hear the merits of a moot appeal. (*D.P.*, *supra*, 14 Cal.App.5th at p. 285.) In conducting this review, we are "guided by the overarching goals of the dependency system," including child safety and family reunification. (*Id*. at p. 286.) Here, after reviewing the relevant factors in light of the goals of the dependency system, we decline to exercise our discretion to consider the merits of these moot appeals, and we dismiss them.

10

## DISPOSITION

The appeals are dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.